# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

**KARLA CRUZ,**

      Plaintiff,

    v.                          Case No. 26-CV-785

**ZARATECORP LTD.,**

      Defendant.

## COMPLAINT

## PRELIMINARY STATEMENT

1. Karla Cruz brings claims under the Pregnant Worker Fairness Act ("PWFA"), Pregnancy Discrimination Act of 1978 ("PDA"), and Title VII of the Civil Rights Act of 1964 ("Title VII") against Zaratecorp Ltd based on the company's failure to provide Ms. Cruz with reasonable accommodations to known pregnancy-related limitations and its decision to terminate Ms. Cruz's employment.

## PARTIES

2. Karla Cruz is an adult resident of Milwaukee County, Wisconsin.

3. Zaratecorp Ltd. is a business corporation incorporated under the laws of Wisconsin.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district and under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## ADMINISTRATIVE EXHAUSTSION

6. On September 11, 2025, Ms. Cruz filed a charge of discrimination regarding the facts alleged herein with the EEOC.

7. On February 13, 2026, the EEOC issued Ms. Cruz a notice of right to sue.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

9. La Fuente Restaurant is a restaurant that serves Mexican cuisine.

10. Defendant owns and operates La Fuente Restaurant.

11. Defendant is engaged in industry affecting commerce.

12. Defendant sells food and beverage products that travel in interstate commerce.

13. Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in 2024.

14. Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in 2025.

2

15. At all times relevant, Elba Zepeda was a manager at La Fuente Restaurant.

16. At all times relevant, Ms. Zepeda was one of Defendant's owners.

17. Defendant employed Ms. Cruz as a server at La Fuente Restaurant.

18. At all relevant times, Ms. Cruz could perform the essential functions of her job with or without reasonable accommodation or, to the extent she was unable to perform any essential function, that inability was temporary, she could perform the essential function again in the near future (after her need for lactation-related accommodations had ended), and the temporary inability could be reasonably accommodated.

19. At all times relevant, Ms. Cruz was pregnant.

20. In February 2025, Ms. Cruz told Ms. Zepeda that she was pregnant.

21. In April 2025, Ms. Cruz asked Ms. Zepeda for reasonable accommodations to known limitations related to her pregnancy.

22. Ms. Cruz asked Ms. Zepeda to have the ability to sit during slow periods during her shifts.

23. Ms. Zepeda denied Ms. Cruz's request to have the ability to sit during slow periods during her shifts.

24. Ms. Cruz asked Ms. Zepeda to have water during her shift.

25. Ms. Zepeda denied Ms. Cruz's request to have water during her shift.

26. Ms. Zepeda asked Ms. Cruz for a doctor's note to support her request for water during her shift.

3

27. Ms. Cruz asked her doctor for a note to support her request for water during her shift.

28. On May 3, 2025, Ms. Cruz told Ms. Zepeda that Defendant could not prevent her from drinking water during her shift.

29. On May 3, 2025, Ms. Zepeda terminated Ms. Cruz's employment.

30. Shortly after terminating Ms. Cruz's employment, and as Ms. Cruz was leaving La Fuente Restaurant, Ms. Zepeda yelled at Ms. Cruz that Ms. Cruz was "crazy" and that it must be because of Ms. Cruz's "hormones."

31. Ms. Cruz's doctor provided her with a note to support her request for water during her shift but only after Defendant terminated Ms. Cruz's employment.

<u>**CLAIM FOR RELIEF:**</u>
**VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

32. Ms. Cruz alleges and incorporates by reference the preceding allegations.

33. Defendant is a cover entity within the meaning of 42 U.S.C. § 2000gg(2).

34. Ms. Cruz was an employee of Defendant within the meaning of 42 U.S.C. § 2000gg(3).

35. Ms. Cruz was a qualified employee within the meaning of 42 U.S.C. § 2000gg(6).

36. As alleged herein, Defendant failed to make a reasonable accommodation to known limitation to the pregnancy, childbirth, or related medical conditions of Ms. Cruz in violation of 42 U.S.C. § 2000gg-1(1).

4

37. As alleged herein, Defendant denied employment opportunities to Ms. Cruz based on its need to make reasonable accommodations to the known limitations related to her pregnancy, childbirth, or related medical conditions in violation of 42 U.S.C. § 2000gg-1(3).

38. As alleged herein, Defendant took adverse actions in the terms, conditions, or privileges of employment of Ms. Cruz on account of her request for or use of a reasonable accommodation to the known limitations related to her pregnancy, childbirth, or related medical condition in violation of 42 U.S.C. § 2000gg-1(5).

39. As alleged herein, Defendant discriminated against Ms. Cruz because she opposed an act or practice made unlawful under the PWFA in violation of 42 U.S.C. § 2000gg-2(f)(1).

40. Defendant's actions alleged herein were intentional.

41. Defendant's actions alleged herein were done with malice or with reckless indifference to Ms. Cruz's rights.

## CLAIM FOR RELIEF:
## VIOLATION OF THE PREGNANCY DISCRIMIANTION ACT AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42. Ms. Cruz alleges and incorporates by reference the preceding allegations.

43. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

44. Ms. Cruz was an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f).

45. Defendant terminated Ms. Cruz's employment because Ms. Cruz was pregnant in violation of 42 U.S.C. § 2000e-2(a)(1).

5

46. Defendant's actions alleged herein were intentional.

47. Defendant's actions alleged herein were done with malice or with reckless indifference to Ms. Cruz's rights.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Ms. Cruz demands a jury trial on all triable issues.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment against Defendant;

B. Order Defendant to make Ms. Cruz whole by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

C. Order Defendant to make Ms. Cruz whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D. Order Defendant to make Ms. Cruz whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial;

E. Order Defendant to pay Ms. Cruz punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial;

F. Order Defendant to pay prejudgment interest to Ms. Cruz;

G.      Order Defendant to pay Ms. Cruz the reasonable attorneys' fees and costs she incurred in prosecuting this action; and

H.      Grant any further relief that the Court deems just and equitable.

Dated: May 4, 2026

<div style="margin-left:40%">

*s/ Connor J. Clegg*
Connor J. Clegg
State Bar Number 1118534
Summer H. Murshid
State Bar Number 1075404
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
E-mail: cclegg@hq-law.com
smurshid@hq-law.com

</div>

7